IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 16 PM 4:46

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILLIAM SUBLETTE ) | |
| and JANIE T. NORWOOD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-3013-Ma P |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| and FEDERAL EXPRESS ) | |
| CORPORATION VOLUNTARY ) | |
| SEVERANCE INCENTIVES PLAN, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION FOR PROTECTIVE ORDER

### Background Statement

In the course of discovery in this matter, Plaintiffs have requested information and/or documents that are or may be of a proprietary and confidential nature, including but not limited to information and documents pertaining to financial information and other proprietary or sensitive information of the Defendants. The parties seek to limit the use of the information and documents to maintain the confidentiality of proprietary information relating to the parties and to others. Accordingly, they have agreed to the entry of this order to facilitate the production of the information requested and any information which has been or will be produced during discovery in this case.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-17-05

/9

## Protective Order

## Designation of Confidential Information

1. "CONFIDENTIAL INFORMATION" as used herein means any type of classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of the Federal Rules of Civil Procedure and is subject to this protective order. For purposes of this protective order, "CONFIDENTIAL INFORMATION" means proprietary, business, financial, commercial and/or personal information. "CONFIDENTIAL INFORMATION" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this protective order. "Documents" as used herein shall include writings, drawings, graphs, charts, power point slides, photographs, videotapes, and other data compilations, including tapes and CDs of data, from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form, including all such forms of data compiled.

2. The party producing any documents or information subject to this protective order (the "producing party") shall have the right to use its discretion in designating materials subject to this order to be CONFIDENTIAL INFORMATION. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of this protective order. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as CONFIDENTIAL by marking any CONFIDENTIAL page, respectively, as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is CONFIDENTIAL, a party may designate the entire document as CONFIDENTIAL by marking the cover page, respectively, as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as CONFIDENTIAL by indicating on the record at the deposition that the testimony is CONFIDENTIAL and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as CONFIDENTIAL by notifying all parties in writing, within sixty (60) days of receipt of the transcript, of the specific pages and lines of the transcript which are CONFIDENTIAL. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as CONFIDENTIAL for a period of at least sixty (60) days after a full and complete transcript of said deposition is available.

## Use of CONFIDENTIAL INFORMATION

5. CONFIDENTIAL INFORMATION shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and the parties, to the extent necessary to prepare for this litigation;

3

(b) Agents, representatives and employees of the producing party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent consultants or experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) Subject to the provisions of Paragraph 6 below, a witness who is a current or former employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e) Subject to the provisions of Paragraph 7 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

### Non-Disclosure of CONFIDENTIAL INFORMATION

6. (a) No person to whom CONFIDENTIAL INFORMATION is disclosed shall disclose such CONFIDENTIAL INFORMATION to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such CONFIDENTIAL INFORMATION for any purpose whatsoever, commercial or otherwise. In addition to other restrictions on disclosure contained herein, the parties agree that no CONFIDENTIAL INFORMATION may be disclosed to any person (including any consultant, expert, employee or former employee of any party) until such person has read and signed a copy of the Undertaking and Acknowledgement form (a copy of which is attached hereto as Exhibit A), thereby indicating

his/her willingness to be bound by the provisions of this Order. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

## Information Filed With the Court

7. Any CONFIDENTIAL document obtained during discovery which is filed with the court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and the word(s) CONFIDENTIAL. Said envelope or container shall not be opened without further order of the Court except by inspecting counsel who, after same is opened, shall return the document to the Clerk in a sealed envelope or container.

## General Conditions

8. In the event that a party disputes the propriety of the designation of any material or information as CONFIDENTIAL, that party may file a motion with the Court requesting a ruling regarding whether the materials or information should be treated as CONFIDENTIAL for purposes of this Consent Protective Order. No party shall be obligated to challenge the propriety of any designation of information as CONFIDENTIAL and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. Within sixty (60) days of the final determination of this lawsuit, all persons subject to this Agreement shall return all CONFIDENTIAL INFORMATION (and all summaries, extracts and other copies containing information referring to or derived therefrom), including all copies thereof, to counsel for the supplying party or person or, with the written consent of such counsel, the information and/or documents may be destroyed.

10. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to CONFIDENTIAL INFORMATION as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

11. Nothing in this Order shall prejudice the supplying persons' or parties' rights to make any use of, or disclose to any person, any information it has designated as "CONFIDENTIAL INFORMATION," without prior approval of the Court.

12. Counsel for the supplying party or person may agree in writing to any specific disclosure of CONFIDENTIAL INFORMATION (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Order as to the use of that document.

13. No disclosure of CONFIDENTIAL INFORMATION (or any information contained therein or derived therefrom) whether intentional or inadvertent shall be deemed to waive any of the rights provided herein except as provided above. Disclosure of CONFIDENTIAL INFORMATION for one purpose does not constitute a waiver for the other purposes.

14. Insofar as the provisions of this Order restrict disclosure and/or use of CONFIDENTIAL INFORMATION produced hereunder, this Order shall continue to be binding after the conclusion of this lawsuit. A party may seek written permission of the producing party or person to dissolve or modify this Order. Absent agreement of the producing party or person, or order of Court, this Order may not be changed or modified in any respect and shall remain in full force and effect.

SO ORDERED THIS 16 day of November, 2005

_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
Magistrate


STIPULATED TO AND APPROVED BY:

_____
Mark D. DeBofsky
Daly DeBofsky & Bryant
1 North LaSalle Street
Chicago, IL 60602
312-372-5200

and

Thomas G. Moukawsher, Esq.
Moukawsher & Walsh
21 Oak Street, Suit 209
Hartford, CT 06106
860-278-7000

and

S. Newton Anderson
Spicer, Flynn & Rudstrom, PLLC
Brinkley Plaza, #500
80 Monroe Avenue
Memphis, TN 38103
901-523-1333

Attorneys for Plaintiffs

_____
Michael E. Gabel (TN BPR No. 023952)
Justin M. Ross (TN BPR No. 19571)
Federal Express Corporation
3620 Hacks Cross Road
Memphis, TN 38125-8800
901-434-0016
901-434-4523 fax

Attorneys for Defendants

567669

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 2:04-CV-03013 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

S. Newton Anderson
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Thomas G Moukawsher
MOUKAWSHER & WALSH, LLC.
21 Oak St.
Ste. 209
Hartford, CT 06106

Michael E. Gabel
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Bldg B, 2nd Floor
Memphis, TN 38125--880

Mark D DeBofsky
DALY DEBOFSKY & BRYANT
1 North Lasalle St.
Chicago, IL 60602

Ian O. Smith
MOUKAWSHER & WALSH, LLC.
21 Oak St.
Ste. 209
Hartford, CT 06106

Honorable Samuel Mays
US DISTRICT COURT